IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ERIKA BUCKLEY, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:19-CV-49 (CDL) |
| RYAN McCARTHY, *Secretary of the Army*, | * |
| Defendant. | * |

O R D E R

Erika Buckley was a speech language pathologist at Martin Army Community Hospital. She had several superiors and co-workers while at Martin Army, including, as relevant to the pending motion, Major Miller, Major Zhu, and Dr. Ribeiro.[1] In her amended complaint, she alleges that they and others unlawfully discriminated against her. She asserts the following claims against the Government pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1983: (1) Title VII sex discrimination; (2) Title VII race discrimination; (3) Title VII retaliation; and (4) § 1983 discrimination, which she has now abandoned. Presently pending before the Court is the Government's motion to dismiss Buckley's sex discrimination Title VII claims based upon her failure to exhaust her administrative remedies (ECF

---

[1] Buckley refers to several parties by their titles as opposed to their first names.

No. 17). As explained in the remainder of this order, the Court finds that Buckley properly exhausted some of her sex discrimination claims but failed to exhaust others. The ones that she failed to exhaust are dismissed; the others remain pending.

ADMINISTRATIVE BACKGROUND

Before bringing this action, Buckley filed three Equal Employment Opportunity ("EEO") charges of discrimination, which the Court refers to by the last four digits of their administrative docket numbers.[2] First, Charge 2955 alleged retaliation and discrimination on the basis of race and sex and focused on conduct by Ribeiro and Martin Army patients in July 2016. Def.'s Mot. to Dismiss Ex. A, Formal Compl. of Discrimination (Sept. 8, 2016), ECF No. 17-1; *see also* Def.'s Mot. to Dismiss Ex. B, Letter from P. Allen to E. Buckley 1 (Sept. 14, 2016), ECF No. 17-2. Second, Charge 4519 also alleged retaliation and discrimination on the basis of race and sex and reported new allegations about Ribeiro from September 2016. Def.'s Mot. to Dismiss Ex. C, Formal Compl. of Discrimination (Dec. 5, 2016), ECF No. 17-3; *see also* Def.'s Mot. to Dismiss Ex. D, Letter from P. Allen to E. Buckley 1 (Dec. 15, 2016), ECF No. 17-4. The claims arising from Charges 2955 and 4519 have been properly exhausted and may go forward.

---

[2] A district court may consider evidence outside the pleadings when a party moves to dismiss based on exhaustion of administrative remedies. *See, e.g.*, *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424-25 (11th Cir. 2010) (per curiam).

2

At issue here is the third Charge, 2430, which contained several new allegations involving Zhu and Miller, who were not mentioned in the earlier charges.[3] Def.'s Mot. to Dismiss Ex. E, Formal Compl. of Discrimination (Aug. 17, 2017), ECF No. 17-5; *see also* Def.'s Mot. to Dismiss Ex. F, Letter from S. Moore to E. Burke 1-2 (May 1, 2019), ECF No. 17-6. In this most recent charge related to Zhu and Miller, Buckley specifically accused them of race and age discrimination and retaliation, checking those boxes on her charge. She did not check the box for sex under the "reason you believe you were discriminated against" section. Formal Compl. of Discrimination (Aug. 17, 2017). Because Buckley did not allege that Zhu or Miller engaged in sex discrimination in Charge 2430 and made no specific reference to them in her previous charges, the Government argues that Buckley's Title VII sex discrimination claims based on Zhu and Miller's conduct should be dismissed for failure to exhaust.[4]

---

[3] Buckley's actual EEO charge does not list all the allegations but references a statement from July 2017. That statement has been filed, and the Court reviewed it. Employee Statement (July 14, 2017), ECF No. 23-1.

[4] The Government also argues that all of Buckley's Title VII sex discrimination claims should be dismissed for failure to exhaust. But this argument ignores the fact that Buckley complained about sex discrimination in two other properly exhausted EEO charges, 2955 and 4519. *See* Formal Compl. of Discrimination (Sept. 8, 2016); Formal Compl. of Discrimination (Dec. 5, 2016). She therefore has fully exhausted the claims arising from those charges and may pursue them.

DISCUSSION

Title VII provides a right of action for federal employees claiming discrimination based on, among other things, sex. *See* 42 U.S.C. § 2000e-16(c). "Prior to filing a Title VII action . . . a plaintiff must first file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam); *see also Ramirez v. Sec'y, Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012) ("Before bringing a Title VII action in court, a federal employee must first seek relief from the agency where the alleged discrimination occurred.").[5] "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Id.* (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). The Eleventh Circuit "has noted that judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). It has further explained that "the scope of an EEOC complaint should not be strictly interpreted."

---

[5] Here, Buckley properly filed her charges with the Department of the Army's Office of Equal Employment Opportunity ("EEO").

*Id.* at 1280 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)).[6] Accordingly, to determine if a plaintiff appropriately exhausted her administrative remedies and may bring Title VII claims, "[t]he proper inquiry . . . is whether [the plaintiff's] complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." *Id.*

In *Gregory*, the plaintiff brought a Title VII retaliation claim after she had failed to check the box for "retaliation" on her EEOC charge as a reason for her termination. The Eleventh Circuit held "that the district court did not err in finding that [plaintiff's] retaliation claim was not administratively barred by her failure to mark the retaliation space on the EEOC template form. The facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination. That is, she stated facts from which a reasonable EEOC investigator could have concluded that what she had complained about is retaliation. . . ." *Id.* Consequently, Buckley's failure to check the sex discrimination box on her EEO charge, standing alone, is not fatal to her claim based upon discrimination by Zhu and Miller. The issue is whether her administrative filings would

---

[6] Fifth Circuit decisions prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

have alerted a reasonable EEO investigator that she was alleging that Zhu and Miller had engaged in sex discrimination. The Court finds that they would not.

First, there are no specific allegations in Buckley's most recent charge that Zhu and Miller engaged in sex-based discrimination. In addition to not checking the box to indicate sex discrimination, Buckley made no factual allegations in her charge suggesting that they had engaged in sex-based discriminatory conduct. Second, the allegations she now asserts against Zhu and Miller do not relate to or grow out of the allegations contained in her previous charges where she did allege sex discrimination by persons other than Zhu and Miller.[7] Unlike in *Gregory*, Buckley did not state facts in her EEO charge from which a reasonable EEO investigator could have concluded that what she complained about was sex discrimination. In Charge 2430, Buckley stated that "[my] [s]upervisor proposed to terminate me after I raised a concern with the chain of command. This comes after an on-going pattern of harassment by my supervisor, Maj. Zhu." Formal Compl. of Discrimination 1 (Aug. 17, 2017). It is true that Buckley alleged harassment in Charge 2430. But, apart from the template form boxes that she checked, she provided no

---

[7] Charges 2955 and 4519 focus exclusively on Ribeiro and Martin Army patients; they do not mention Zhu or Miller. Therefore, the amended complaint's allegations about Zhu and Miller's sex discrimination do not relate to or grow out of Charges 2955 or 4519.

6

other information about the basis for this harassment, and, as noted above, she did not check the template form box for sex. Buckley also referred to a separate statement from July 2017 in Charge 2430, but this statement only mentions retaliation and vague harassment; it does not describe any sex-based discrimination. Employee Statement (July 14, 2017). Reading both Charge 2430 and the separate July 2017 statement together, a reasonable EEO investigator would not have known to inquire about sex discrimination involving Zhu and Miller.

In summary, Charge 2430 does not allege that Zhu and Miller engaged in sex-based discrimination; nor did Buckley's previous charges alert the EEO investigator that she was asserting a claim for sex discrimination based on Zhu and Miller's conduct. Thus, the allegations in her present complaint alleging sex-based discrimination arising from Zhu and Miller's conduct do not "amplify, clarify, or more clearly focus" the allegations from Charge 2430 or from any other previous charges. *Gregory*, 355 F.3d at 1279 (quoting *Wu*, 863 F.2d at 1547). Buckley therefore failed to exhaust with regard to Zhu and Miller's alleged sex-based discriminatory conduct. For this reason, the Court grants the Government's motion to dismiss Buckley's Title VII sex discrimination claims arising from Zhu and/or Miller's conduct.

CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (ECF No. 17) is granted in part and denied in part. The Court dismisses Buckley's § 1983 claim, which she has abandoned, and dismisses Buckley's Title VII sex discrimination claims based on Zhu and/or Miller's conduct. All other claims remain pending.

IT IS SO ORDERED, this 4th day of March, 2020.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA